**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

ANTONIO COLEMAN,

    Plaintiff,

v.

EWPB LLC, and
MICHAEL TOMKOVICH, individually,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANTONIO COLEMAN ("Plaintiff"), files the following Complaint and Demand for Jury Trial against Defendants, EWPB LLC ("EWPB" or "EMPERORS"), and MICHAEL TOMKOVICH ("TOMKOVICH") (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of this employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, during the course of his employment.

**PARTIES, JURISDICTION & VENUE**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, EWPB, was a Florida limited liability company located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court. EWPB operates its principal location at 8340 Resource Road, Riviera Beach, Florida 33404.

4. During all times material hereto, Defendant, TOMKOVICH, was and is a resident of the State of Florida and was managing member, owner, registered agent, and operator of EMPERORS within Palm Beach County, Florida. On information and belief, Defendant, TOMKOVICH is the highest-ranking manager of a chain of adult entertainment clubs throughout the State of Florida, including EMPERORS.

5. During all times material hereto, Defendant, TOMKOVICH, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, EMPERORS, during the relevant time period.

6. Defendant, EMPERORS was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein, and employed at least fifteen (15) employees during the relevant time period.

7. Defendant, TOMKOVICH, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

8. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida.

9. Defendant, EMPERORS is headquartered and regularly transacts business in Palm Beach County, Florida, and TOMKOVICH regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

11. This Honorable Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 § U.S.C. 1343, 28 U.S.C. § 1367.

12. A substantial part of the acts complained of herein occurred primarily in the Southern District of Florida. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c).

## GENERAL ALLEGATIONS

13. During all times material hereto, Defendants, EMPERORS, owned, controlled, and/or operated Emperor's Gentlemen's Club located at 8340 Resource Road, Riviera Beach, Florida 33404.

14. Defendant, TOMKOVICH, maintains control over the operations, hiring, firing, and payroll policies and practices of EMPERORS.

15. In January 2017, Plaintiff was hired by Defendant, TOMKOVICH, to work as a chef for EMPERORS, and TOMKOVICH at Emperor's Gentlemen's Club in Palm Beach County, Florida.

16. During Plaintiff's employment, the Defendants compensated Plaintiff at the rate of one hundred forty dollars ($140.00) per day regardless of the number of hours worked by Plaintiff.

17. Defendant, EMPERORS, is not exempt from FLSA coverage.

18. Defendant, EMPERORS, is covered under the FLSA through enterprise coverage, as EMPERORS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, EMPERORS was engaged in interstate

commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, EMPERORS' business and Plaintiffs' work for EMPERORS' affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

19. During his employment with Defendant, EMPERORS, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, pens, notepads, computers, cellular telephones, order forms, other office related items, various types of steaks, potatoes, taco shells, ground beef, chicken breasts, pinto beans, black beans, guacamole, sour cream, lettuce, peppers, onions, ketchup, hot sauce, and other various food items and cooking ware.

20. Defendant, EMPERORS, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, EMPERORS' business an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, EMPERORS, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

22. During all material times hereto, Plaintiff, and all others similarly situated, was a non-exempt employee of Defendants, EMPERORS, and TOMKOVICH, within the meaning of the FLSA.

23. Plaintiff worked as a non-exempt employee for Defendants, EMPERORS, and TOMKOVICH from January 23, 2017 until August 16, 2017.

24. During all time periods hereto, Defendant, TOMKOVICH, maintained control over the day-to-day operations of EMPERORS, including the payroll, hiring, firing, and scheduling duties.

25. Defendant, TOMKOVICH, was the managing member of Defendants, EMPERORS, and controlled the companies' payroll practices, and was vested with ultimate decision-making authority for Defendant, EMPERORS.

### FLSA Violations During Plaintiff's Employment

26. During Plaintiff's employment, the Defendants, EMPERORS, and TOMKOVICH, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with federal law.

27. Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff was to perform, instructed Plaintiff specifically what to do, and specifically instructed Plaintiff when he had to arrive and when he could leave.

28. From January 23, 2017 through August 16, 2017 Plaintiff worked an average of sixty (60) to seventy (70) hours per week.

29. Defendants compensated Plaintiff one hundred forty dollars ($140.00) per day regardless of the number of hours Plaintiff worked.

30. During the Plaintiff's employment period, there are approximately twenty-nine (29) weeks in which Plaintiff was not properly compensated.

31. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for the work her performed in excess of forty (40) hours per week.

32. Plaintiff is entitled recover half-time for all of the hours he worked over forty (40) in any given workweek.

33. Defendants failed to properly compensate Plaintiff in these workweeks notwithstanding that Plaintiff performed work for the benefit of all Defendants.

34. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

35. During Plaintiff's employment, the Defendants also failed to maintain adequate and contemporaneous time records as required by the FLSA.

36. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff his lawful (and hard-earned) wages.

37. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

**COUNT I – FEDERAL OVERTIME WAGE LAW VIOLATIONS – *29 U.S.C. § 207***
(**against All Defendants**)

38. Plaintiff re-avers and re-alleges Paragraphs 1 through 37 above, as though fully set forth herein.

39. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

40. Plaintiff is entitled to: (i) federal overtime wages; and (ii) liquidated damages pursuant to the FLSA.

41. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ANTONIO COLEMAN, demands judgment against Defendants, EWPB, LLC, and MICHAEL TOMKOVICH, individually, and respectfully requests that he be

awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANTONIO COLEMAN, hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

Dated this 20th of June, 2019.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com
stephanie@jordanrichardspllc.com
mike@usaemploymentlawyers.com

## **CERTIFICATE OF SERVICE**

I HERE CERTIFY that the foregoing document was filed via CM/ECF on June 20, 2019.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## **SERVICE LIST:**