UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-CV-80812-ROSENBERG/REINHART

ANTONIO COLEMAN,

    Plaintiff,

v.

EWPB LLC and MICHAEL TOMKOVICH,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT EWPB LLC, AND REFERRING CASE FOR EVIDENTIARY HEARING

**THIS CAUSE** is before the Court upon Plaintiff Antonio Coleman's Motion for Entry of Final Default Judgment Against Defendant EWPB LLC. DE 16. The Court has reviewed the Motion and the record and is otherwise fully advised in the premises.

### I.     BACKGROUND[1]

Plaintiff worked as a chef at Emperor's Gentlemen's Club in Riviera Beach, Florida, from January 23, 2017, until August 16, 2017. The Club was owned, controlled, and/or operated by EWPB LLC ("EWPB"), and Defendant Michael Tomkovich, managing member of EWPB, controlled the personnel-related policies and practices of the club. Defendants assigned Plaintiff's schedule and instructed him as to the work to be performed and the times he should arrive and leave work. Plaintiff was compensated at a rate of $140.00 per day, regardless of the number of hours he worked. Plaintiff did not receive overtime compensation at a time-and-a-half rate when he worked in excess of forty hours per week. Defendants were either recklessly indifferent to or

---

[1] Unless cited otherwise, the facts in this part are derived from the allegations in Plaintiff's Complaint and are accepted as true. DE 1.

intentionally disregarded their obligation to pay Plaintiff for overtime work, and Defendants failed to maintain adequate and contemporaneous time records. Plaintiff seeks $3,900.50 in unpaid overtime, $3,900.50 in liquidated damages, and reasonable attorney's fees and costs.

Plaintiff filed the Complaint on June 20, 2019. DE 1. EWPB was served on July 23, 2019, and its response was therefore due on August 13, 2019. DE 10. EWPB did not respond, and Plaintiff moved for a Clerk's Entry of Default on August 14, 2019, DE 11, which was granted on August 15, 2019. DE 13. Defendant Michael Tomkovich was not served, and the Court ordered Plaintiff to file proof of service as to Tomkovich or he would be dismissed from the case. DE 12. Plaintiff did not file proof of service as to Tomkovich, and the Court dismissed him from the case on October 29, 2019. DE 15. Plaintiff filed the instant Motion on November 5, 2019, seeking entry of final default judgment as to EWPB. DE 16. EWPB has not responded to the Motion in any way.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Although the facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Allegations relating to the amount of damages are not admitted by virtue of default; rather, the Court determines the amount and character of damages to be awarded. *Miller v. Paradise of*

*Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

### III. ANALYSIS

Here, the Complaint alleges that Defendants failed to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). A claim for unpaid overtime requires a showing that "(1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). Further, Plaintiff must establish that he was engaged in interstate commerce or employed by an enterprise engaged in interstate commerce pursuant to 29 U.S.C. § 207(a).

Under the FLSA, Plaintiff bears "the burden of proving that he performed work for which he was not properly compensated." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). If an employer's time records are inadequate, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (quoting *Anderson*, 328 U.S. at 686–87). The FLSA requires an additional award of liquidated damages in an amount equal to unpaid wages unless the defendant demonstrates that the violation was in good faith. 29 U.S.C. §§ 216, 260. Claims for unpaid overtime wages are subject to a two-year statute of limitations, but the period is extended to three years in the case of a "willful violation." 29 U.S.C. § 255(a); *see also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008).

a. **Default Judgment is Warranted**

First, Plaintiff has shown that he worked unpaid overtime. Plaintiff submitted a declaration stating that he worked as a chef in EWPB's club from January 23, 2017, until August 16, 2017, and his duties included preparing and cooking food as well as cleaning the kitchen. DE 16-1 ¶¶ 4, 6. He worked an average of 65 hours per week at a flat rate of $140.00 per day, resulting in an hourly rate of about $10.77.[2] DE 16-1 ¶ 8. Because Plaintiff was paid the same amount regardless of the hours worked in a week, he did not receive overtime compensation at the time-and-a-half rate prescribed by the FLSA. Second, Plaintiff alleges that Defendants specifically instructed Plaintiff what to do, when to arrive, and when to leave. DE 1 ¶ 27. Taken as true, this demonstrates that Defendants knew Plaintiff worked in excess of forty hours per week.

Finally, Plaintiff has demonstrated that EWPB is an "enterprise engaged in commerce" by satisfying the two prongs of 29 U.S.C. § 203(s)(1)(A). First, Plaintiff and other employees handled goods that moved in interstate commerce, including various office supplies and food items. DE 1 ¶¶ 19–20. Second, EWPB had gross revenues in excess of $500,000 during the years 2016, 2017, and 2018, and is expected to do the same in 2019. DE 1 ¶ 21. Accordingly, the Court concludes that Plaintiff has demonstrated entitlement to unpaid overtime.

b. **An Evidentiary Hearing is Necessary to Determine Damages**

Under Federal Rule of Civil Procedure 55(b)(2), the court may conduct an evidentiary hearing to determine the amount of damages. Such a hearing is appropriate here for two reasons. First, the Complaint (DE 1) and Plaintiff's declaration (DE 16-1) are lacking in specific evidence regarding Plaintiff's hours worked. He states only that he worked "an average of twenty-five (25)

---

[2] The Court infers from this calculation that Plaintiff worked five days per week, which is not explicit in the Complaint.

hours of overtime per week" over a period of "about twenty-nine (29) weeks." DE 16-1 ¶ 9. The Court recognizes that documentary evidence of Plaintiff's schedule may be not be readily accessible in light of EWPB's default and its failure to maintain contemporaneous time records. However, the Court must be presented with sufficient evidence to permit a just and reasonable inference as to Plaintiff's unpaid wages. In particular, more evidence is needed regarding the dates Plaintiff began and ceased working, his weekly schedule, and the amount and manner of his pay.

Second, the Complaint alleges that EWPB willfully violated the FLSA, thus extending the statute of limitations to three years. DE 1 ¶ 37. Plaintiff has not presented evidence to support this conclusion. *See Alvarez Perez*, 515 F.3d at 1162 ("To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was."). The statute of limitations is significant to the measure of Plaintiff's damages; if the statute of limitations is two years, then any violation occurring prior to June 20, 2017, is time-barred, and Plaintiff cannot recover for unpaid overtime prior to that date. If the statute of limitations is three years, then Plaintiff is entitled to recover for the entire period of his employment with EWPB.

Therefore, the Court will refer the case to the Magistrate Judge for an evidentiary hearing and a Report and Recommendation on (1) the amount of Plaintiff's damages, (2) whether EWPB willfully violated the FLSA so as to extend the statute of limitations to three years, and (3) the reasonableness of Plaintiff's requested attorney's fees.

It is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Entry of Final Default Judgment Against Defendant EWPB LLC [DE 16] is **GRANTED** with respect to entitlement to Final Default Judgment, as described in this Order. The Court defers entry of such final judgment pending an evidentiary hearing before the Magistrate Judge.

2. The case is **REFERRED** to Magistrate Judge Bruce E. Reinhart for an evidentiary hearing and a Report and Recommendation on the matters described above pursuant to 28 U.S.C. § 636(b)(1)(B).

3. The Clerk of the Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**; this closure shall not affect the merits of any party's claim.

4. All pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of December, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies To:
Counsel of Record